IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| KORTNEY McGEE, | |
|---|---|
| Plaintiff, | |
| vs. | CV-11-63-GF-SEH-RKS |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | **FINDINGS & RECOMMENDATIONS** |
| Defendant. | |

## I. SYNOPSIS

Ms. McGee seeks judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on November 22, 2011. C.D.10. Now pending are Plaintiff's Motion for Summary Judgment and Defendant's

Motion for Summary Judgment. C.D. 14 & 17. Plaintiff's motion should be denied, Defendant's motion should be granted, and this matter should be dismissed.

## II. PROCEDURAL BACKGROUND

Ms. McGee filed for DIB and SSI on October 4, 2007, alleging a disability onset date of September 11, 1990. Tr. at 110-117. Her claims were denied initially, Id. at 65-67, and again after a request for reconsideration on May 30, 2008. Id. at 68-70. Ms. McGee timely requested a hearing on October 8, 2008. Id. at 78-80. The hearing was held December 1, 2006. Id. at 603-653.

The Administrative Law Judge's ("ALJ") decision that Ms. McGee was not disabled was issued on January 25, 2010. Id. at 13-28. The Appeals Council denied review on July 19, 2010. Id. at 1-5.

On March 19, 2011, Ms. McGee filed a complaint, challenging the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The ALJ found Ms. McGee had not engaged in substantial gainful activity since October 4, 2007 and had no past relevant work. Id. at 27. The ALJ also found that Ms. McGee had the functional capacity to perform the full range of medium work. Id. at 26.

## III. STANDARD OF REVIEW

The Court has discretion to affirm, modify, or reverse the Commissioner's

decision with or without a rehearing.  42 U.S.C. § 405(g).  The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error.  Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

## IV.  BURDEN OF PROOF

### A.  Standard for Childhood Disability

An individual under the age of 18 is disabled if she has a medically determinable physical or mental impairment resulting in marked and severe

functional limitations. 42 U.S.C. § 1382c(a)(3)(C)(i). The following evaluation determines if a child's impairments cause marked and severe limitations:

(1) If the child is doing substantial gainful activity the child is not disabled;

(2) If the child's physical or mental impairment is not severe the child is not disabled;

(3) If the child's physical or mental impairment is severe, it is reviewed to see if it meets or medically equals the listings and the duration requirements. If the impairment meets both the listing and duration requirements, the child is disabled.

20 C.F.R. § 416.924(a).

A limitation is "marked" if it interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A limitation is "extreme" if it very seriously interferes with the child's ability to independently initiate, sustain, or complete activities, although it does not require a total lack of ability to function. 20 C.F.R. § 416.926a(e)(3). A child's impairment functionally equals a listing if she has marked limitations in two domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d).

The Commissioner considers the following areas in determining whether a child's impairments functionally equal the listings: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, self-care, and heath and physical well-

being. 20 C.F.R. § 416.926a(b)(1).

### B. Standard for Adult Disability

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, a claimant must show that he or she is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that she has a severe impairment. Id. At step three the ALJ must

determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity ("RFC"). Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## V. DISCUSSION

The ALJ's decision that Ms. McGee is not disabled is supported by substantial evidence. Ms. McGee was in the Adolescents age group when she filed her application on October 4, 2007. Tr. 20. She turned 18 on September 10, 2008. Tr. 20. At step one the ALJ correctly determined that Ms. McGee has not engaged in substantial gainful activity since filing her application. Tr. 20.

The ALJ determined at step two that Ms. McGee has the following severe impairments: cerebral palsy causing hemiplegia on the right; leg discrepancy; and urinary urgency. Tr. 21. Ms. McGee does not dispute this finding.

At step three the ALJ determined Ms. McGee did not have an impairment or

combination of impairments that met, medically equaled, or functionally equaled the impairments in the listings prior to attaining age 18, or after reaching age 18. Tr. 22-25. Ms. McGee argues the objective medical findings meet the listings and the ALJ erred by not reviewing the categories in 111.07 and 11.07. C.D. 15, p. 6-13. The Commissioner argues substantial evidence supports the ALJ's decision that no listing is met. C.D. 18, p. 5-7.

The ALJ had substantial evidence supporting his decision at step three. The ALJ pointed to evidence in the record describing Ms. McGee's cerebral palsy as mild and high functioning. Tr. 23. The ALJ noted that after surgery Ms. McGee was released in February 2008 to increase activity adding running and jumping as tolerated. Ms. McGee reported she was exercising 45 minutes, 5 days a week in November 2008. Tr. 23. Ms. McGee's leg lengths were reportedly equal in March 2009. Regarding Ms. McGee's urinary urgency, the ALJ pointed out that Ms. McGee was active in school and sports despite her stress urinary incontinence. Tr. 24. Medication also reportedly improved Ms. McGee's urinary symptoms by March 2009. Tr. 24. This evidence supports the ALJ's decision that Ms. McGee's severe impairments do not meet the listings, and he did not err in so finding.

Next the ALJ considered Ms. McGee's RFC, or her ability to do physical and mental work despite her severe and non-severe impairments. Tr. 26. In

making this determination, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If statements about these factors are not substantiated by the medical record, the ALJ must determine the credibility of the claimant's statements.  20 C.F.R. § 416.929.

**Credibility Determination**

The ALJ concluded that Ms. McGee's allegations and subjective symptoms were not fully credible.  Tr. 24.  Ms. McGee argues the ALJ erred in this finding because her testimony was consistent with the medical records, no physician ever disagreed with her description of her limitations, and the ALJ did not make specific findings.  C.D. 15, p. 24.  The Commissioner argues the ALJ's credibility decision is supported by the following substantial evidence: Ms. McGee's symptoms can be alleviated by treatment, her daily activities exceed those of a disabled person, and she walked and sat normally at her hearing.  C.D. 18, p. 7-9.

The ALJ had substantial evidence supporting his decision that Ms. McGee's testimony was not fully credible.  The ALJ pointed out that Ms. McGee's limitations were improved by surgeries, physical therapy, and medication.  Tr. 23. Impairments that can be reasonably alleviated by medication do not support a disability finding.  Warre v. Barnhart, 439 F.3d 1001, 1006 (9th Cir. 2006).  The ALJ also found that Ms. McGee's activities were inconsistent with her allegations

of disabling limitations.  Tr. 23.  Ms. McGee testified that she does housework including dishes, laundry, and vacuuming.  Tr. 45.  Ms. McGee was able to work part-time during high school, but stopped while recovering from surgery.  Ms. McGee participated in advanced placement classes in high school and planned to attend college.  Tr. 44.  The ALJ pointed out that Ms. McGee's testimony regarding her limited activity level and use of her right hand conflicted with her medical records which permitted running and jumping and described her right arm as "extremely functional."  Tr. 26.  These facts are specific and provide substantial evidence supporting the ALJ's credibility determination.

**Medical Evidence**

The ALJ reviewed the medical records of Ms. McGee's treating and non-treating physicians in determining her RFC.  The ALJ considers the following factors in evaluating medical opinions: the examining and treatment relationship with the claimant, the support provided for the opinion, the source's medical specialty, the opinion's consistency with other evidence in the record, and any other factors supporting or contradicting the opinion.  20 C.F.R. 404.1527(d).  Treating source opinions are generally entitled to more weight than non-treating source opinions.  Carmickle, 533 F.3d at 1164.  Examining source opinions are given greater weight than non-examining sources.  20 C.F.R. § 404.1527(d).

Ms. McGee argues the ALJ erred by failing to cite any records contradicting Ms. McGee's alleged limitations. C.D. 15, p. 21. The ALJ found that "no treating physician or consulting physician has offered an opinion on any functional limitations imposed by any of the claimant's severe impairments." Tr. 26. The ALJ properly gave Ms. Newcomer's opinion that Ms. McGee could not sit, stand, walk, lift, handle, carry, or lift 2 pounds no weight because the opinion is inconsistent with the record and Ms. Newcomer, as a social worker, is an unacceptable source. Tr. 27. Licensed clinical social-workers are non-acceptable medical sources. 20 C.F.R. § 416.913(d); SSR 06-03p (2006). Non-acceptable medical sources cannot establish the existence of a medically determinable impairment, cannot give medical opinions, and cannot be considered treating sources. SSR 06-03p.

The ALJ pointed to records of Ms. McGee's treating physicians describing her cerebral palsy as mild and high functioning, permitting her to increase activity with running and jumping, reports of her exercising 5 days per week, and improvement in her urinary symptoms with medication. Tr. 23-24. The ALJ agreed with the State agency consulting physicians who determined Ms. McGee's only marked limitation was in moving about and manipulating objects, which does not support a disability finding. Tr. 24-25. The ALJ had substantial evidence

supporting his finding that since turning age 18 Ms. McGee has had the RFC to perform medium work.

The ALJ properly found that Ms. McGee has no past relevant work because her work as a janitor assistant and grocery bagger were part-time. Tr. 27. At step five, the ALJ considered Ms. McGee's age, education, work experience, and RFC and determined jobs existed in significant numbers in the national economy she could perform. Tr. 27-28. The ALJ's hypotheticals for the vocational expert reflected his RFC and Ms. McGee's prior part-time work. Substantial evidence supports his decision at step 5.

In sum, a review of the transcript and the parties' submissions reveals the ALJ followed the law and his decisions are supported by substantial evidence. For the foregoing reasons, **IT IS HEREBY RECOMMENDED**

1. Plaintiff's Motion for Summary Judgment be DENIED.
2. The Commissioner's Motion for Summary Judgment be GRANTED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district

judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 14th day of June, 2012.

*/s/Keith Strong*
Keith Strong
United States Magistrate Judge